IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINGVISION PAY-PER-VIEW, LTD., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-1655 |
| | § | |
| ALEX DOSANI, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff, Kingvision Pay-Per-View, LTD., filed a motion for default judgment

against defendants, Alex Dosani, individually and as an officer, director, shareholder and/or

a principal of Stafford Investments, LLC d/b/a Michael's Rack 'N Roll Billiard Café a/k/a

Michael's Billiard Café a/k/a Michael's Billiards Café & Sports Bar a/k/a Main Street

Billiards Café & Sports Bar a/k/a Michael's Billiard & Sports Bar and Stafford Investments,

LLC d/b/a Michael's Rack 'N Roll Billiard Café a/k/a Michael's Billiard Café a/k/a

Michael's Billiards Café & Sports Bar a/k/a Main Street Billiards Café & Sports Bar a/k/a

Michael's Billiard & Sports Bar.

Plaintiff's submissions establish unauthorized interception and display of a Pay-Per-

View boxing match broadcast, in violation of the Federal Communications Act of 1934, as

amended, 47 U.S.C. §§ 553 and 605. Plaintiff owns the right to exhibit and sublicense the

right to exhibit the broadcast of the November 13, 2004 Ruiz/Golota boxing match (the

"Event"). Only establishments plaintiff contractually authorized could lawfully exhibit the

P:\OPINIONS\Cable Piracy\06-1655.ao1.wpd

broadcasts of the Event.   Neither defendants nor any representative of defendants entered into a contract to obtain the rights to broadcast the Event or paid the necessary fee to display the Event. Defendants intercepted (or assisted in the interception of) the broadcast Event and displayed it to patrons of Michael's Billiard & Sports BarMarcelo's Fajita Grill, without paying licensing fees.

## II.   Analysis

Section 605 of the Communications Act governs the "unauthorized publication or use of communications." 47 U.S.C. § 605. Section 605 states in relevant part as follows:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.  No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605.   An individual violates section 605 by displaying an intercepted communication. Under section 605(e)(3), the "party aggrieved" may elect to recover either the actual damages sustained or statutory damages for each violation, in a sum of not less than $1,000.00 or more than $10,000.00.  In any case in which the court finds that the violation was committed "willfully" or for the purpose of direct or indirect commercial

advantage or private financial gain, the court, in its discretion, may increase the award of damages by an amount of not less than $10,000.00 and not more than $100,000.00.

The record establishes that defendants displayed the Event, without authorization, for commercial gain, establishing liability under section 605. Section 605(e)(3)(C)(I)(II) gives the court discretion to determine the amount of statutory damages in the range between $1,000.00 and $10,000.00, for each violation.

Several factors present in this case favor granting the maximum statutory damages of $10,000.00, as requested. The record establishes that defendant broadcast the event and failed to appear in this suit. The record establishes the use of an unlawful device, making the violations willful. These factors, the difficulty in detecting unlawful interception, the widespread problem of piracy, the projected loss to plaintiff, and the need for an award sufficient to deter future piracy by defendants and others, weigh in favor of granting maximum statutory damages. Plaintiff has shown the basis for an award of $10,000.00 in damages under section 605(e)(3)(C)(i)(II).

Plaintiff also seeks an award of additional, punitive damages. Section 605 states that in any case in which the court finds that the violation was committed willfully and for the purpose of direct or indirect commercial advantage or private financial gain, the court, in its discretion, may increase the award of damages by an amount of not more than $100,000.00. 47 U.S.C. § 605(e)(3)(C)(ii). The record shows that defendants showed the Event for the purpose of increasing the business, customers, and sales revenue. The record does not indicate the amount of profit, if any, defendants derived from unlawfully broadcasting the

Event.   The record does show that the defendants' establishment contained seating for approximately 200 people, approximately 34 people were present, and each paid a cover charge of $3.   Based on the affidavit showing an intentional violation, this court finds that the record supports a finding of a willful violation an  award of $25,000.00 additional damages beyond the $10,000.00.

As the prevailing party, plaintiff is entitled to an award of its costs, including reasonable attorney's fees.  47 U.S.C. § 605(e)(3)(B)(iii).  Plaintiff has submitted affidavit testimony from its counsel supporting an award of $ 1,726.00.  The submission demonstrates that the fees sought are reasonable.

Default is entered.   This court concludes that the plaintiff has established its entitlement to default judgment in the amount of $10,000.00 in statutory damages; $25,000.00 in enhanced damages; reasonable attorney's fees in the amount of $1,726.00, and postjudgment interest on all of the above at the rate of 5.03% *per annum*.  Final judgment will be entered by separate order.

SIGNED on October 22, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge